## IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM, ) Case No. CF 0577-13
)
)
)
vs. )
)
) **DECISION AND ORDER ON**
) **PARTIES' SENTENCING**
LORIN LAPA'ELE KAZUYUKI AGUSTIN, ) **MEMORANDA**
)
Defendant. )
)
)
)
)
)
)
)
)

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena III on the parties' sentencing memoranda. Assistant Attorney General James C. Collins represents the Government and Alternate Public Defender Stephen P. Hattori represents Defendant. The Court now issues the following Decision and Order.

## BACKGROUND

Per the Indictment returned on November 5, 2013, Defendant was charged with felony counts of attempted manufacturing of a Schedule II controlled substance and possession of a Schedule II controlled substance. The charges stemmed from a search of Defendant's person in Tamuning on October 25, 2013 that yielded an amphetamine-based substance, paraphernalia, and incriminating statements. On July 15, 2014, Defendant pled guilty to both charges.

On September 12, 2014, the Government filed its Sentencing Memorandum. The Government argues that five years is "the minimum and maximum sentence which may be



served for" attempted manufacturing of a Schedule II controlled substance. The Government reaches this result by construing 9 GCA § 80.30(a) in conjunction with 9 GCA § 67.401.4(e), such that the former provides a minimum of five years for repeat offenders of first degree felonies while the latter provides a maximum of five years.

On September 22, 2014, Defendant filed his Sentencing Memorandum. Defendant contends that, pursuant to 9 GCA § 67.401.4(e), there is no mandatory minimum and the Court may sentence him "to a term of imprisonment of not more than five (5) years."

On September 26, 2014, Defendant filed his Supplemental Sentencing Memorandum.

On September 26, 2014, the Court took the matter under advisement.

## DISCUSSION

There is no dispute that Defendant pled guilty to attempted manufacturing of a Schedule II controlled substance, i.e., an amphetamine-based substance, pursuant to 9 GCA § 67.401.1, which provides that it is a first degree felony "to manufacture, deliver or possess with intent to manufacture, deliver or dispense a controlled substance." There is likewise no dispute as to the applicability of 9 GCA § 67.401.4(e) and its five-year maximum sentence. Section 67.401.4(e) provides:

> If [a defendant] is guilty of an offense involving a controlled substance listed in Schedule I or II of this Act which is not a narcotic drug or a controlled substance listed in Schedule III of this Act he shall be sentenced to a term of imprisonment of not more than five (5) years and may be fined not more than Fifteen Thousand Dollars ($15,000.00). The sentence shall include a special parole term of not less than two (2) years in addition to such term of imprisonment. Imposition or execution of such sentence shall not be suspended and probation shall not be granted.

The Government argues that 9 GCA § 80.30(a) also applies inasmuch as it sets a minimum sentence where § 67.401.4(e) does not. Section 80.30(a) provides, in pertinent part:

> Except as otherwise provided by law, a person who has been convicted of a felony may be sentenced to imprisonment as follows:
>
> (a) In the case of a felony of the first degree, the court shall impose a sentence of not less than five (5) years and not more than twenty (20) years[.]

Defendant asserts that there is no mandatory minimum applicable here. The Government maintains, however, that 9 GCA § 80.30 imposes a mandatory minimum because "[t]he language of 9 GCA § 67.401.4(e) does not 'otherwise provide' anything in relation to a minimum sentence, although it does 'otherwise provide' for a reduced maximum sentence." In light of these competing interpretations, the Court must identify the range of permissible sentences based on the applicable statutory provisions. Statutory interpretation is a legal question and the inquiry always begins with the language of the statute. Data Mgmt. Res., LLC v. Office of Pub. Accountability, 2013 Guam 27, ¶ 17 (citing Guerrero v. Santo Thomas, 2010 Guam 11, ¶ 8). A statute's plain meaning prevails absent clear legislative intent to the contrary, but the Court need not follow the plain language of a statute "where the result would lead to absurd or impractical consequences, untenable distinctions, or unreasonable results." Sumitomo Const., Co. v. Guam, 2001 Guam 23, ¶ 17. Whether determining a statute's plain meaning or its animating legislative intent, the Court must read a statute in its entirety and construe it in conjunction with the "entire statutory scheme." Id.; Amerault v. Intelcom Support Servs., Inc., 2004 Guam 23, ¶ 14.

As the parties acknowledge, it is plain that 9 GCA § 67.401.4(e) sets forth a maximum prison term of five years for attempted manufacturing of a Schedule II controlled substance. Section 67.401.4(e) otherwise sets forth no minimum sentence and contemplates a prison term only insofar as it provides that a defendant "shall be sentenced to a term of imprisonment of not more than five (5) years." The narrow question for resolution, therefore, is whether 9 GCA § 80.30 provides the default minimum sentence when the other statute is silent.

First, the Court looks to the plain language of 9 GCA § 67.401.4, which the Legislature enacted in 1972 and repealed and reenacted in 1998 via Public Law 24-149. Section 67.401.4 sets forth prison terms for various drug offenses: subsections (a), (b), and (c) provide a minimum and maximum term, while subsections (f), (g), (h), (i), and (j) provide only that a defendant "shall be sentenced to a term of imprisonment" of a certain maximum term as in subsection (e). Viewing the statute in its entirety, the Court concludes that the Legislature, in enacting and reenacting these provisions together, intentionally declined to set minimum sentences for some offenses while setting minimum and maximum sentences for others. See also Rinehart v. Rinehart, 2000 Guam 14, ¶ 9 (The rule of statutory construction, *expressio unius est exclusio alterius*, "means that if an option is expressed in a law, all other options not

expressed were intentionally excluded."). Moreover, since § 80.30 was not enacted until 1977 and does not refer to § 67.401.4(e), it would be unreasonable to construe the statutory silence in the manner proposed by the Government. Indeed, the plain language of § 67.401.4(e) makes clear the Legislature intended for those convicted under the statute to serve a term of imprisonment of a period not exceeding five years. This greater sentencing range comports with the "trial court's broad discretion in determining a defendant's sentence." People v. Superior Court of Guam, 2003 Guam 11, ¶ 8 (statutory citations omitted). In addition, although the Government emphasizes the "[e]xcept as otherwise provided by law" clause of § 80.30, the Court finds that it is most reasonable to conclude that § 67.401.4 and its subsections "otherwise provide[]" sentencing ranges wholly apart from those set forth in § 80.30, such that some provisions provide a specific minimum and specific maximum while others provide a discretionary minimum and specific maximum.

The Court also notes that the position advocated by the Government yields an impractical result insofar as the minimum and maximum sentences are identical. The Court is not convinced that the Legislature intended, at least in some circumstances, to equate minimum with maximum and deprive the Court of all discretion. Since reading the statutes together would yield such an incongruous result, the Court declines to adopt the Government's position.

Finally, the Court recognizes that "[w]here a criminal statute is ambiguous, the rule of lenity requires [the Court] to construe the statute in favor of the defendant." People v. Tenorio, 2007 Guam 19, ¶ 14. Even assuming the pertinent statutes are ambiguous as to the proper minimum sentence, the Court adopts the Defendant's position that there is no mandatory minimum by virtue of 9 GCA § 80.30.

## CONCLUSION

The Court therefore concludes that the sentencing range applicable to Defendant's conviction for attempted manufacturing of a Schedule II controlled substance is ascertained without reference to 9 GCA § 80.30. Thus, pursuant to 9 GCA § 67.401.4(e), Defendant "shall be sentenced to a term of imprisonment of not more than five (5) years." The Court also acknowledges that the parties agreed that any sentence imposed for possession of a Schedule II controlled substance shall be concurrent to any sentence for attempted manufacturing of a Schedule II controlled substance. Sentencing is scheduled for January 14, 2015 at 3:00 P.M.

**IT IS SO ORDERED** this day of December 24, 2014.

_____
HONORABLE ALBERTO C. LAMORENA III
Presiding Judge, Superior Court of Guam